UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MAURICE FOSTER, | ) | CASE NO. 4:13 CV1592 |
| Petitioner, | ) ) ) | JUDGE DONALD C. NUGENT |
| vs. | ) ) ) | MEMORANDUM OF OPINION AND ORDER |
| JOE COAKLEY, WARDEN, | ) ) | |
| Respondent. | ) ) | |

Before the Court is *pro se* Petitioner Maurice Foster's above-captioned habeas corpus action filed pursuant to 28 U.S.C. § 2241. He names the Warden at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton) as Respondent. Foster, who is incarcerated at F.C.I. Elkton, asserts he is entitled to immediate release because he is actually innocent of the sentence he is currently serving. He also filed a "Motion to Alter or Amend Pursuant to Appellate Rule 15(c)" (Doc. No. 8), which the Court construes as a Federal Civil Rule 15(c) motion to amend. Essentially, Foster is seeking to amend his original petition to include an argument that the district court lacked subject matter jurisdiction because "no crime was never [sic] charged." (Doc. No. 8.) The Court grants Foster leave to amend his original petition. For the reasons set forth below, he is not entitled to habeas relief.

*Factual and Procedural Background*

Foster was convicted in the United States District Court for the Northern District of Illinois of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. *See*

*United States v. Patterson, et al.*, No. 1:95cr0242 (N.D. Ill filed Apr. 19, 1995)(Gettleman, J.) His conviction and sentence were affirmed on direct appeal to the Seventh Circuit. *United States v. Patterson*, 215 F.3d 776 (7th Cir. 2000). The Supreme Court granted certiorari and vacated the judgment, in part, for further consideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Patterson v. United States*, 531 U.S. 1033 (Dec. 4, 2000). On remand, the Seventh Circuit held that, although it was plain error under *Apprendi* to withhold the question of kind and quantity of drugs from the jury, the error did not result in a miscarriage of justice requiring reversal. *United States v. Patterson*, 241 F.3d 912 (7th Cir. 2001).

After the Sentencing Commission reduced the sentencing ranges for a crack-cocaine offense, allowing for retroactive application, Judge Gettleman granted Foster's first request for a reduction in his sentence from 360 months to 324 months on January 23, 2009. Seeking a greater reduction in the length of his term, Foster filed a Notice of Appeal in the Seventh Circuit, which the court denied. *See Foster v United States*, No.09-1248 (7th Cir. June 3, 2009). In November 2009, Foster filed a Civil Rule 60(b) motion attacking his criminal conviction, which the district court denied. The denial order was vacated by the Seventh Circuit based on the district court's lack of jurisdiction over petitioner's unauthorized successive collateral attack. *United States v. Patterson*, No. 10-2036, 2010 WL 8149353(7th Cir. Aug. 11, 2010). On remand, the district court issued an order dismissing Foster's motion.

On December 29, 2011, Judge Gettleman granted Foster's Motion for Sentence reduction pursuant to 18 U.S.C. §3582(c)(2), reducing his sentence from 324 months to 262 months. He subsequently requested a further reduction on appeal, arguing the district court should have reduced his criminal history level. The Seventh Circuit denied the request because the retroactive changes to the Guidelines did not include authorization for the court to resentence a defendant based on any change to the rules regarding a defendant's criminal history. *United States v. Patterson*, No. 12-1292, 2010 WL 8149353(7th Cir. June 4, 2012). The court advised Foster: "The reduction to 262 months imprisonment is the maximum allowed by the Commission's

amendments." *Id.*

Once the appeal court's mandate was issued, Foster twice filed motions to recall the mandate. On November 8, 2013, the Seventh Circuit denied Foster's second motion and advised him to file a motion in compliance with Circuit Rule 22.2 if he believed he could satisfy the standards for filing a second or successive habeas petition. *Id.* (Doc. No. 17.)

Foster now maintains he is barred from filing a second motion to vacate his sentence pursuant to 28 U.S.C. §2255. He acknowledges the appeals court has not granted him leave to file a second or successive 2255 and he states he cannot argue a new rule of law has been made retroactive by the Supreme Court. Instead, Foster asserts he is "actually innocent" because the indictment filed against him did not specify the amount of drugs the court relied on to determine his sentence. He believes the Supreme Court's recent opinion in *Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151 (2013) further establishes he is serving an illegal sentence. He describes the opinion as an intervening change in law, wherein: "Any fact that, by law, increases the penalty for a crime is a 'element' that must be submitted to the jury and found beyond a reasonable doubt.' *See Alleyne v. United States*, 133 S.Ct. at 2155."(Doc. 8 at 3.)

Secondly, Foster argues the district court lacked subject matter jurisdiction and, therefore, lacked authority to issue any judgment against him. Because he was indicted for conspiracy to distribute an unspecified amount of drugs, but a jury found him guilty of a specific amount, Foster believes it "means it [the indictment] fails to allege a federal crime." (Doc. 8 at 4.) From his perspective, he is innocent "because of *Alleyne*'s new, aggravated crime, the core crime and the fact triggering the mandatory minimum sentence together, each 'element' of which must be submitted to a jury." *Id.*

### Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to

prisoners being held 'in violation of the Constitution or laws or treaties of the United States.' " *Rice v. White*, 660 F.3d 242, 249 (6th Cir.2011) (quoting Section 2241(c)). Because Foster is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001). However, this Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *See Hilton v. Braunskill*, 481 U.S. 770, 775(1987); *see also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

### *Petitioner Not Entitled to Habeas Relief*

Foster now seeks to challenge the sentence imposed by the District Court of Illinois as illegal pursuant to 28 U.S.C. §2241 after the Supreme Court issued its decision in *Alleyne*. Any federal prisoner who challenges the legality of his conviction or sentence, however, must file a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.2003). A federal prisoner may not challenge his conviction and sentence under 28 U.S.C. § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255.

Clearly, Foster is aware that a motion filed pursuant to 28 U.S.C. § 2255 is the proper vehicle to challenge his sentence. He maintains, however, that he is time-barred from filing another §2255 motion and the court of appeals will not certify a second or successive motion. From Foster's perspective, when a §2255 remedy is no longer available it is, by default, inadequate and ineffective to test the legality of his detention. This is not the purpose for which the 2255 safety valve provision was created.

Section 2255(e) provides a narrow exception that permits a prisoner to challenge the

legality of his conviction through a § 2241 petition, where his remedy under § 2255 is or was "inadequate or ineffective" to test the legality of his detention. Courts have clarified what circumstances do not constitute inadequacy or ineffectiveness. Section 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). Moreover, a § 2255 remedy is not considered inadequate or ineffective simply because a petitioner has already been denied § 2255 relief, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

In the Sixth Circuit, section 2255 remedies are only considered inadequate or ineffective where defendants have "shown an intervening change in the law that establishes their actual innocence." *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). While Foster uses the phrase "actual innocence," he is applying that term to the sentence imposed rather than the crime for which he was convicted. Therefore, it is the legality of the sentence Foster is serving that is the centerpiece of his claim. This type of actual innocence claim does not, however, comport with the intent of § 2255's safety valve provision.

To assert actual innocence, a claimant must argue he is factually innocent, rather than merely assert his conviction was legally insufficient. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003)(quoting in *Bousley v. United States*, 523 U.S. 614, 623 (1998)). This requires the claimant to aver that the behavior for which he stands convicted is no longer considered criminal. Foster cannot make that claim.

By his own admission, Foster conspired to distribute an illegal substance. That activity was illegal at the time he was indicted and remains illegal after *Alleyne*. What *Alleyne* changed,

and what does not entitle Foster to federal habeas §2241 relief is that "any fact that increases the mandatory minimum term of a sentence is an 'element' that must be submitted to the jury." *Allyne,* 133 S.Ct. at 2155. When the Supreme Court decided *Alleyne,* it simply provided a 'bookend' to *Apprendi,* which addressed the requisite judicial fact-finding that *increased* the statutory maximum sentence. The Court in *Alleyne* held that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum." *Id.* In other words, "*Apprendi's* definition of 'elements' necessarily includes not only facts that increase the ceiling, but also those that increase the floor." *Id.* at 2158 (plurality opinion). Both determinations affect the *length of time* a criminal defendant will serve if he or she is convicted of a the crime, not whether they engaged in criminal behavior. Thus, to the extent "[a] challenge to a sentence based on *Apprendi* cannot be the basis for an actual innocence claim under *Martin.*" *Bannerman v. Snyder,* 325 F.3d 722, 724 (6th Cir. 2003)(citation omitted), Foster cannot argue actual innocence based on *Alleyne.*

## Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 12/20/13*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE